IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

SOON PHATDOUANG,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C19-3052-LTS
(Crim. No. CR16-3053-LTS)

**INITIAL
REVIEW ORDER**

_____

This matter is before me on a 28 U.S.C. § 2255 motion (Doc. No. 1) filed pro se by Soon Phatdouang. On December 7, 2016, the Grand Jury returned a multi-count indictment charging Phatdouang with conspiracy to distribute a controlled substance (Count 1), distribution of a controlled substance (Counts 2–5, 8), possession with intent to distribute a controlled substance (Counts 10–11) and possession of a firearm in furtherance of a drug trafficking crime (Counts 12–13). Crim. Doc. No. 4. A superseding indictment included the same charges. Crim. Doc. No. 35. Pursuant to a plea agreement, Phatdouang pleaded guilty to Counts 1s and 12s of the superseding indictment. Crim. Doc. Nos. 66, 69. On August 30, 2017, I sentenced him to 200 months' imprisonment – 140 months on Count 1s and a consecutive sentence of 60 months on Count 12s – to be followed by five years of supervised release. Crim. Doc. No. 126. Judgment entered the following day. *Id*. Phatdouang filed an appeal (Doc. No. 141) to the Eighth Circuit Court of Appeals, but it was dismissed as untimely. Crim. Doc. No. 144.

The Court received Phatdouang's § 2255 motion on November 8, 2019. He argues that he is entitled to relief under § 2255 due to ineffective assistance of counsel.

## I. § *2255 INITIAL REVIEW STANDARD*

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g.*, *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgment is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year

2

Case 3:19-cv-03052-LTS-MAR    Document 2    Filed 06/24/20    Page 2 of 6

limitation period starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only a very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244 (b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second successive habeas motion. *Id*.

## II. ANALYSIS

As noted above, judgment was entered against Phatdouang on August 31, 2017. Crim Doc. No. 126. He did not file a notice of appeal to the Eighth Circuit Court of Appeals until June 14, 2019, nearly two years after judgment was entered. Crim Doc. No. 141. An untimely direct appeal does not delay the running of the limitations period for a § 2255 motion. *See Clay*, 537 U.S. at 532 (defendant's judgment of conviction becomes final when the time for seeking review of the conviction expires); *United States*

*v. Terrones-Lopez*, 447 F. App'x 882, 885 (10th Cir. 2011) ("Defendant's untimely notices of appeal did not delay the onset of the limitations period [for § 2255 motions]."); *see also Roberts v. United States*, No. 10-0162-12-CR-W-FJG, 2013 WL 5934134, at *1 (W.D. Mo. Nov. 4, 2013) ("Because movant did not file a timely direct appeal . . . [his] judgment of conviction became final and the one-year statute of limitations for his Section 2255 motion began to run . . . when the fourteen-day period for taking a direct appeal under Fed. R. App. P. 4(a)(1)(A)(i) expired."). Therefore, Phatdouang's § 2255 limitations period started running on September 14, 2017 (14 days after the entry of his judgment), and expired on or about September 14, 2018. His § 2255 motion – received on November 8, 2019 – was untimely under § 2255(f)(1) by over one year. Phatdouang has not asserted any other grounds for finding his motion timely, nor can I discern any. Therefore, his § 2255 motion is time barred and must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F. 3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve

4

further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find that Phatdouang has not provided any basis for finding that the timeliness of his § 2255 is debatable or that my procedural ruling is incorrect. Accordingly, a certificate of appealability **will not issue**. If Phatdouang desires further review of his § 2255 motion, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

## IV. CONCLUSION

For the reasons set forth herein:
1. Phatdouang's motion (Doc. No. 1) for relief under 28 U.S.C. § 2255 is **denied** and this case is **dismissed**.
2. A certificate of appealability **will not issue**.

**IT IS SO ORDERED.**

**DATED** this 24th day of June, 2020.

                                                        _____
                                                        Leonard T. Strand, Chief Judge